

2010 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-4-2010

# In Re: Keon Garnes

Precedential or Non-Precedential: Non-Precedential

Docket No. 10-3566

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2010

Recommended Citation

"In Re: Keon Garnes " (2010). *2010 Decisions.* Paper 499.
http://digitalcommons.law.villanova.edu/thirdcircuit_2010/499

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2010 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DLD-293                                                              NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3566
_____

IN RE KEON GARNES
                                        Petitioner


_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. Civ. No. 10-cv-00551)
District Judge: Honorable Stanley R. Chesler

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
September 23, 2010
Before:  FUENTES, JORDAN AND HARDIMAN, Circuit Judges

(Opinion filed: October 4, 2010)
_____

OPINION
_____

PER CURIAM

    On September 2, 2010, Keon Garnes filed this pro se mandamus petition, seeking

an order to compel the District Court to rule on a motion that he filed pursuant to 28

U.S.C. § 2255 and a motion for a default judgment in the same case.  For the reasons that

follow, we conclude that mandamus relief is not warranted because Garnes' petition is

moot.

Garnes, an inmate at FCI Schuylkill, pleaded guilty to one count of possessing a firearm after having been convicted of a felony.  18 U.S.C. § 922(g).  He was later sentenced to 120 months imprisonment.  In February 2010, Garnes filed a § 2255 petition to vacate, set aside, or correct his sentence.  He later moved for a default judgment on the ground that the Government did not respond to the District Court's order to answer his petition.[1]  The District Court denied Garnes § 2255 relief and declined to issue a certificate of appealability by order entered August 20, 2010.

On September 2, 2010, Garnes moved for mandamus relief, asking that the District Court be compelled to rule on his § 2255 motion.  The District Court has already ruled on his motion.  Accordingly, we will deny Garnes' mandamus petition as moot.

---

[1] In fact, the Government did file a response within the time given by the District Court.